### Larry Keith TROUT

v.

### COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 16, 2000.

Decided Dec. 29, 2000.

---

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In-Charge, Harrisburg, for appellant.

Anthony W. DeBernardo, Jr., Greensburg, for appellee.

Before DOYLE, President Judge, FRIEDMAN, Judge and MIRARCHI, Jr., Senior Judge.

FRIEDMAN, Judge.[1]

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) appeals from the January 19, 2000 order of the Court of Common Pleas of Westmoreland County (trial court), which sustained the appeal of Larry Keith Trout (Trout) from the suspension of his operating privileges imposed by DOT pursuant to sections 1532(b)(3) and 1581 of the Vehicle Code, 75 Pa.C.S. §§ 1532(b)(3) and 1581.[2] We reverse.

DOT suspended the operating privileges of Trout when the State of Ohio reported his conviction in that state for "DUI Alcohol/Liquor." (Trial court op. at 1.) Trout filed an appeal with the trial court, which held a hearing on the matter. At the hearing, DOT presented certified documents in order to establish the underlying DUI conviction in the State of Ohio. However, the Ohio conviction report did not identify the particular Ohio statute or local municipal ordinance for which Trout was convicted. (Trial court op. at 1–2.) The trial court ruled that the Ohio conviction report was deficient because, without the statute or ordinance, the report did not permit the trial court to determine whether Trout was convicted for an offense that is substantially similar to the Pennsylvania DUI law. (Trial court op. at 4.) Therefore, the trial court sustained Trout's appeal.

1. On August 23, 2000, this case was placed on hold pending the outcome of *Department of Transportation v. McCafferty*, 563 Pa. 146, 758 A.2d 1155 (2000).

2. Section 1532(b)(3) of the Vehicle Code states:

[DOT] shall suspend the operating privilege of any driver for 12 months upon receiving a certified record of the driver's conviction of section 3731 (relating to driving under influence of alcohol or controlled substance) ... or substantially similar offenses reported to [DOT] under Article III of section 1581....

75 Pa.C.S. § 1532(b)(3). Section 1581 of the Vehicle Code enacts into law the Driver's License Compact.

■ On appeal to this court,[3] DOT argues that the trial court erred in failing to admit the certified documents into evidence. We believe that DOT has misconstrued the trial court's decision on this matter. Although the trial court did not explicitly rule that the documents were admitted into evidence, the trial court certainly examined the documents as if they were part of the record to determine whether they were sufficient to meet DOT's burden of proof.[4] (*See* trial court's op. at 3–4.) Therefore, the trial court, at least implicitly in its opinion, admitted the certified documents into evidence. In fact, as indicated above, the trial court concluded that the Ohio conviction report was deficient; the trial court never stated that the Ohio conviction report was not in evidence.

■ DOT next argues that the trial court erred in concluding that the certified documents were insufficient to meet DOT's burden of proving that DOT properly suspended Trout's driver's license pursuant to Article IV of the Driver's License Compact. We agree.

Section IV of the Driver's License Compact provides in pertinent part as follows:

(a) The licensing authority in the home state ... shall give the same effect to the *conduct* reported ... as it would if such *conduct* had occurred in the home state in the case of convictions for ... (2) driving a motor vehicle while under the influence of intoxicating liquor ... to a degree which renders the driver incapable of safely driving a motor vehicle....

(c) If the laws of a party state do not provide for offenses or violations denominated or described in precisely the words employed in subdivision (a) of this article, such party state shall construe the denominations and descriptions appearing in subdivision (a) of this article as being applicable to and identifying those offenses or violations of a substantially similar nature *and the laws of such party state shall contain such provisions as may be necessary to ensure that full force and effect is given to this article.*

75 Pa.C.S. § 1581 (emphasis added). Thus, Article IV(c) of the Driver's License Compact authorizes party states to pass legislation to ensure that subtle differences between the laws of two party states do not, in effect, nullify Article IV.

In that regard, on December 21, 1998, the Pennsylvania General Assembly enacted section 1586 of the Vehicle Code, which provides in pertinent part:

[DOT] shall, for purposes of imposing a suspension or revocation under Article IV of the compact, treat reports of convictions received from party states that *relate to driving ... a vehicle while ... under the influence of alcohol, [or] intoxicating liquor, ...* as being substantially similar to section 3731 (relating to driving under the influence of alcohol or controlled substance). The fact that the offense reported to [DOT] by a party state may require a different degree of impairment of a person's ability to ... drive ... a vehicle than that required to support a conviction for a violation of section 3731 shall not be a basis for determining that the party state's offense is not substantially similar to section 3731 for purposes of Article IV of the compact.

75 Pa.C.S. § 1586 (emphasis added).

Here, DOT presented as evidence an Ohio conviction report that described the

---

3. Our scope of review is limited to determining whether the findings of fact are supported by competent evidence, whether the trial court committed an error of law or whether it abused its discretion. *Mazurek v. Department of Transportation, Bureau of Driver Licensing*, 717 A.2d 23 (Pa.Cmwlth.1998), *rev'd on other grounds, McCafferty.*

4. The second paragraph of the trial court's opinion begins: "The facts of this case can be summarized as follows. On January 25, 1999 the appellant was convicted for a violation of DUI Alcohol/Liquor." (Trial court op. at 1.) The trial court could not have made this finding of fact if it had not admitted DOT's certified documents.

underlying conduct of Trout as DUI Alcohol/Liquor.[5]  Clearly, Trout's conviction "relates to" driving a vehicle while under the influence of alcohol or intoxicating liquor.  Pursuant to section 1586 of the Vehicle Code, DOT was required to treat Trout's Ohio conviction as substantially similar to a section 3731[6] conviction in Pennsylvania.  Because the convictions were substantially similar, Article IV of the Driver's License Compact authorized DOT to give effect to Trout's conduct and suspend his driver's license.

Because DOT's evidence was sufficient to prove that DOT properly suspended Trout's driver's license pursuant to Article IV of the Driver's License Compact, we reverse.

### ORDER

AND NOW, this 29th day of December, 2000, the order of the Court of Common Pleas of Westmoreland County, dated January 19, 2000, is hereby reversed.

---

**5.**  In *McCafferty,* our supreme court stated that it is the conduct underlying the out-of-state conviction that triggers DOT's duty to suspend a license under Article IV of the Compact.

**6.**  Section 3731 of the Vehicle Code, 75 Pa. C.S. § 3731.