Michael J. WEAVER, Appellant,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 28, 2005.
Decided March 11, 2005.
Publication Ordered May 3, 2005.

Thomas J. Wagner, West Chester, for appellant.

Timothy P. Wile, Asst. Counsel In–Charge and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellee.

BEFORE: COLINS, President Judge, PELLEGRINI, J., and KELLEY, Senior Judge.

OPINION BY President Judge COLINS.

Michael J. Weaver (Weaver) appeals from an order of the Court of Common Pleas of Chester County that denied his appeal of the Department of Transportation, Bureau of Driver Licensing's (Department) suspension of his operating privileges pursuant to Section 1547(b)(2) of the Vehicle Code, 75 C.S. § 1547(b)(2),[1] relating to chemical test refusal. We affirm the trial court.

1. Section 1547(b)(2) provides, in pertinent part,
  (2) It shall be the duty of the police officer to inform the person that:

(i) the person's operating privilege will be suspended upon refusal to submit to chemical testing; and

On May 1, 2004, Officer David C. Boyer of the Phoenixville Police Department arrested Weaver for driving under the influence of alcohol. At the hearing in this matter, Officer Boyer testified that, after informing Weaver that he was under arrest and transporting him to Phoenixville Hospital, he read to Weaver the warning on the Implied Consent Form, DL–26, and requested that Weaver submit to a blood test. Weaver, he testified, said nothing so he again read to him from the form. Weaver then said that he needed time to think it over. Boyer then read to Weaver from the form a third time, and this time Weaver informed Officer Boyer that he would refuse the test. Officer Boyer then charged Weaver with refusing a chemical test, and the Department suspended Weaver's operating privileges. Weaver appealed his suspension to the Court of Common Pleas of Chester County, which denied the appeal. This appeal followed.

The question we are asked to determine is whether the implied consent warnings contained on Implied Consent Form, DL–26, satisfy the requirements of 75 Pa.C.S. § 1547(b)(2).[2]

 Weaver argues that since the General Assembly added subparagraph (ii) to Section 1547(b)(2) but did not, at the same time change the wording of the Implied Consent Form to include the new penalties contained in the new sections referenced in subparagraph (ii), the warning contained there is no longer valid because the form "only informs the arrestees of the minimum jail sentence and fines for a first offense, greatly minimizing, in the eyes of a repeat offender arrestee the consequences of refusing the test, thereby defeating the purpose of the statute." (Weaver's brief at p. 6). We reject this argument. It is not the duty of the police to explain the various sanctions available under a given law to an arrestee to give that individual an opportunity to decide whether it is worth it to violate that law. It is sufficient for the police to inform a motorist that he or she will be in violation of the law and will be penalized for that violation if he or she should fail to accede to the officer's request for a chemical test. The verbiage on form DL–26 informs a motorist that he or she will be in violation of the law and will be penalized for that violation if he or she should fail to accede to the officer's request for a chemical test; that is sufficient information upon which to base a decision as to whether or not to submit to chemical testing. Officer Boyer read the warnings on the Implied Consent Form to Weaver three times. Weaver specifically refused chemical testing.

Accordingly, the order of the Court of Common Pleas of Chester County in this matter is affirmed.

### *ORDER*

AND NOW, this 11th day of March 2005, the order of the Court of Common Pleas of Bucks County in this matter is AFFIRMED, and the suspension of Appellant Weaver's operating privilege is RE-INSTATED.

(ii) upon conviction, plea or adjudication of delinquency for violating section 3802(a), the person will be subject to the penalties provided in section 3804(c) (relating to penalties).

2. Our standard of review is limited to determining whether the findings of fact are supported by competent evidence, whether the trial court committed an error of law, or whether it abused its discretion. *Trout v. Department of Transportation, Bureau of Driver Licensing*, 764 A.2d 701 (Pa.Cmwlth.2000), *petition for allowance of appeal granted*, 572 Pa. 718, 813 A.2d 848 (2002).