**John GARNER**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 24, 2005.

Decided June 2, 2005.

Publication Ordered July 18, 2005.

Michael E. McHale and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellant.

David E. Hershey, Dillsburg, for appellee.

BEFORE: COLINS, President Judge, LEADBETTER, Judge, and SIMPSON, Judge.

OPINION BY Judge LEADBETTER.

The Bureau of Driver Licensing (Bureau) appeals from the order of the Court of Common Pleas of Cumberland County (common pleas), which vacated the suspension of John F. Garner's driver's license. Common pleas concluded that Garner received an inadequate warning of the consequences prior to his refusal to take a breathalyzer test because the Bureau's revised DL–26 form does not satisfy the informational requirements in 75 Pa.C.S. § 1547. The Bureau persuasively challenges this conclusion and we reverse.

Since the amendments to the Motor Vehicle Code enacted in the Act of September 30, 2003, P.L. 120 (Act 2003–24) became effective on February 1, 2004, the warnings required prior to testing under Section 1547 include not only the previously required information that refusal will result in license suspension but also information that refusal will result in enhanced criminal penalties upon conviction. Specifically, Section 1547, in pertinent part, now states:

(b) Suspension for refusal.-

. . . .

(2) It shall be the duty of the police officer to inform the person that:

(i) the person's operating privilege will be suspended upon refusal to submit to chemical testing; and

(ii) upon conviction, plea or adjudication of delinquency for violating section 3802(a), the person will be subject to penalties provided in section 3804(c) (relating to penalties).

75 Pa.C.S. § 1547(b)(2).

On March 6, 2004, local police stopped Garner, who was driving a dump truck in an apparently reckless manner. Reasonably believing that Garner was intoxicated, police arrested him and transported him to a booking center, where an officer requested that he submit to a breathalyzer test. Prior to seeking Garner's submission to testing, police informed Garner of the consequences of refusal by both reading aloud and handing him a copy of the Bureau's DL–26 form, as revised since the recent amendments to the Motor Vehicle Code. The form states, in pertinent part:

3. [I]f you refuse to submit to the chemical test, your operating privileges will be suspended for at least one year. In addition, if you refuse to submit to the chemical test, and you are convicted of, plead to, or adjudicated delinquent with respect to violating Section 3802(a) [driving after imbibing] of the Vehicle Code, because of your refusal, you will be subject to the more severe penalties set forth in Section 3804(c) of the Vehicle Code, which include a minimum of seventy-two hours in jail and a minimum fine of $1,000.

4. [A]ny request to speak to an attorney or anyone else after being provided these warnings ... will constitute a refusal, resulting in suspension of your operating privilege and other enhanced criminal sanctions if you are convicted of violating Section 3802(a) of the Vehicle Code.

Garner testified that he read the form and understood it. *Garner v. Dep't of Transp.*, (No. 04–1815 Civil, filed August 26, 2004), op. at 2. R.R. at 73a. Nevertheless, Garner refused to submit to testing. Police reported his refusal to the Bureau; and, the Bureau notified Garner that his license was being suspended for eighteen months, as now directed for recidivist offenders.

Section 1547(b)(1) directs that a refusal shall generally result in a twelve-month suspension but an eighteen-month suspension applies if:

(A) The person's operating privileges have previously been suspended under this subsection.

(B) The person has, prior to the refusal under this paragraph, been sentenced for:

(I) an offense under section 3802;

(II) an offense under former section 3731;

(III) an offense equivalent to an offense under subclause (I) or (II); or

(IV) a combination of the offenses set forth in this clause.

75 Pa.C.S. § 1547(b)(1). In 2001, Garner had undergone a six-month suspension following placement in A.R.D.[1] for a DUI in violation of former Section 3731.

Following notification of the suspension, Garner appealed to common pleas, contending that his refusal was not knowing and voluntary because he "was not specifically advised as to the potential penalties applicable to him for refusing chemical testing." Garner's trial brief at 1. R.R. at 10a. Common pleas agreed, concluding that the warning stated on the Bureau's DL–26 form was flawed in failing to notify Garner that, as a second time offender, he faced a minimum criminal penalty that included at least ninety days in jail under 75 Pa.C.S. § 3804(c).[2] Based upon this conclusion, common pleas vacated Garner's license suspension. Thereafter, the Bureau filed the present appeal.

▆▆▆ Of the four elements that the Bureau must prove in order to sustain a driver's license suspension pursuant to Section 1547(b)(1), i.e., (1) arrest for DUI, (2) request to submit to testing, (3) refusal, (4) delivery of the required warnings, see *Whiteford v. Department of Transportation, Bureau of Driver Licensing,* 782 A.2d 1127, 1131 (Pa.Cmwlth.2001), the establishment of the first three is undisputed. In addition, the parties do not dispute that Garner received the warnings stated in the Bureau's latest version of the DL–26 form. This case concerns only whether those warnings satisfy the statutory requirements.

The warning delivered to Garner fully complies with the statutory requirements. The statute simply does not require any specific explanation as to the length of the civil suspension and it does not require an explanation of each criminal penalty set forth in Section 3804(c). The statute requires only that police provide notice that refusal will result in license suspension and, that if the licensee is convicted of driving under the influence, refusal will result in additional penalties. Garner received this information.

We believe common pleas erred in imposing an additional requirement that the information regarding potential suspensions and criminal penalties be specifically tailored to the circumstances of individual licensees. Aside from the fact that the Act does not require such specificity, it would

---

1. Accelerated Rehabilitative Disposition, a program governed by Chapter 3 of the Rules of Criminal Procedure, was available for the disposition of DUI charges under Section 3731 (repealed by the Act of September 30, 2003, P.L. 120; the replacement provision is now found at 75 Pa.C.S. § 3802).

2. Section 3804(c) provides:

An individual who violates section 3802(a)(1) and refused testing of blood or breath or an individual who violates section 3802(c) or (d) shall be sentenced as follows:

(1) For a first offense, to:

(i) undergo imprisonment of not less than 72 consecutive hours nor more than six months;

. . . .

(2) For a second offense, to:

(i) undergo imprisonment of not less than 90 days nor more than five years;

. . . .

(3) For a third offense, to:

(i) undergo imprisonment of not less than one year nor more than five years;

. . . .

75 Pa.C.S. § 3804(c).

be unrealistic to assume that at the time warnings must be given, arresting officers have sufficient accurate information to know what potential penalties the arrestee faces. As this court recently held:

> It is not the duty of the police to explain the various sanctions available under a given law to an arrestee to give that individual an opportunity to decide whether it is worth it to violate that law. It is sufficient for the police to inform a motorist that he or she will be in violation of the law and will be penalized for that violation if he or she should fail to accede to the officer's request for a chemical test. The verbiage on form DL–26 informs a motorist that he or she will be in violation of the law and will be penalized for that violation if he or she should fail to accede to the officer's request for a chemical test; that is sufficient information upon which to base a decision as to whether or not to submit to chemical testing.

*Weaver v. Dep't of Transp., Bureau of Driver Licensing*, 873 A.2d 1, 2 (Pa. Cmwlth.2005)

■ In an attempt to further support common pleas' ruling, Garner asserts the alternate theory that paragraphs three and four of the warning work together to generate confusion. We disagree. These paragraphs contain no contradictory information regarding the enhanced criminal penalties authorized under Section 3804(c). Paragraph three addresses the consequences of refusing and includes specific information regarding the minimum criminal penalty enhancement. Paragraph four addresses the well-settled principle that the Bureau's authority to suspend a driv-

er's license as a consequence of refusal to undergo testing does not trigger any right to counsel and restates generally that refusal will result in enhanced criminal sanctions. The specific statement in paragraph three is entirely consistent with the general statement in paragraph four.

■ As we have previously recognized, licensees often fail to readily appreciate the difference between the civil suspension for failure to submit to testing as required under the Implied Consent Law in Section 1547(a)[3] and the penalties imposed upon conviction for violating the prohibition in Section 3802 against driving under the influence. *See Dep't of Transp., Bureau of Driver Licensing v. Scott,* 546 Pa. 241, 250, 684 A.2d 539, 543–44 (1996). However, the delivery of the warning in paragraph four of the DL–26 form adequately and accurately informs that a request for counsel will be treated as a refusal for purposes of the civil suspension under the Implied Consent Law.

Accordingly, we reverse the order of the court of common pleas and reinstate the suspension of Garner's driving privileges.

### ORDER

AND NOW, this 2nd day of June, 2005, the order of the Court of Common Pleas of Cumberland County in the above captioned matter is hereby REVERSED and the SUSPENSION imposed by the Department of Transportation is hereby REINSTATED.

---

**3.** "Driving in Pennsylvania is a civil privilege conferred on state residents who meet the necessary qualifications. 75 Pa.C.S. § 1501. Under the terms of the Implied Consent Law, one of the necessary qualifications to continu- ing to hold that privilege is that a motorist must submit to chemical sobriety testing when requested to do so. . . ." *Dep't of Transp., Bureau of Driver Licensing v. Scott,* 546 Pa. 241, 250, 684 A.2d 539, 544 (1996).