**William T. WITMER, Appellant**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 20, 2005.

Decided Aug. 10, 2005.

David B. Keeffe, Sayre, for appellant.

Terrance M. Edwards, Asst. Counsel and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellee.

BEFORE: PELLEGRINI, J., LEAVITT, J., and FLAHERTY, Senior Judge.

OPINION BY Judge LEAVITT.

William T. Witmer (Witmer) appeals from an order of the Court of Common Pleas of Bradford County (trial court) that denied his statutory appeal from a one-year suspension of his operating privilege pursuant to Section 1547 of the Vehicle Code (Implied Consent Law).[1] In this case, we are asked to consider (1) whether the arresting officer adequately advised Witmer of his rights prior to requesting that he consent to chemical testing and (2) whether the 2003 amendments to Pennsylvania's DUI statute require a change in the warnings that must be given whenever a licensee is requested to submit to a blood alcohol test.

On May 22, 2004, Witmer was involved in an automobile accident to which Sayre Borough Police Officer Jeremy Horton responded, finding Witmer standing outside his vehicle. Officer Horton noticed that

---

1. It states, in pertinent part, that "[i]f any person placed under arrest for [driving under the influence of alcohol or controlled substance] is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person ... for a period of 12 months." 75 Pa.C.S. § 1547(b)(1)(i).

Witmer smelled of alcohol, had bloodshot eyes and walked or spoke with difficulty. Indeed, Witmer struggled with the request to produce his license and registration. Witmer admitted to Officer Horton that he had consumed alcohol and that he had been operating the vehicle at the time of the accident. Witmer was requested to perform several field sobriety tests, all of which he failed.

Officer Horton placed Witmer under arrest for driving under the influence (DUI) of alcohol and twice asked him to submit to a blood test. Each time the officer explained the consequences of Witmer's refusal to consent, although he did not read verbatim the customary warnings mandated by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) or *Department of Transportation v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989).[2] Witmer replied that he would not submit to chemical testing without first speaking to an attorney. Officer Horton informed Witmer that he did not have the right to speak with an attorney before deciding whether to take the blood test and that his continued request for counsel would constitute a refusal. After two refusals, Officer

Horton transported Witmer to the Sayre Borough Police Station.

At the police station, Officer Horton read Witmer the Department's Revised Form DL–26, which explains the consequences of refusing to submit to chemical testing.[3] Witmer again stated that he could not make the decision to submit to chemical testing without advice of counsel. Officer Horton gave Witmer *Miranda* warnings and further advised him that his response would be deemed a refusal.

■ By notice dated June 22, 2004, the Department of Transportation, Bureau of Driver Licensing (Department) notified Witmer that his operating privilege was being suspended for one year as a consequence of his reported refusal to submit to chemical testing. Witmer filed a statutory appeal to the trial court and argued, *inter alia*, that as a result of recent amendments to Pennsylvania's DUI law, *O'Connell* warnings are no longer adequate; rather, he was entitled to *Miranda* warnings before being asked to consent to chemical testing. Witmer also argued that the Department's current Form DL–26[4] is confusing because the warnings contained therein do not accurately reflect the current state of the law. The trial court

2. In *O'Connell*, our Supreme Court held that when a motorist is asked to submit to chemical testing under the Implied Consent Law, the law enforcement officer making the request has a duty to explain to the motorist that his *Miranda* rights are inapplicable to such a request. *O'Connell*, 521 Pa. at 252, 555 A.2d at 878. This admonition is commonly referred to as an *O'Connell* warning.

3. Revised Form DL–26 states in relevant part:
3. [I]f you refuse to submit to the chemical test, your operating privilege will be suspended for at least one year. In addition, if you refuse to submit to the chemical test, and you are convicted of, plead to, or adjudicated delinquent with respect to violating Section 3802(a) of the Vehicle Code [Driving under influence of alcohol or controlled substance] because of your refusal, you will

be subject to the more severe penalties set forth in Section 3804(c) of the Vehicle Code, which include a minimum of seventy-two hours in jail and a minimum fine of $1,000.
4. [Y]ou have no right to speak with an attorney or anyone else before deciding whether to submit to testing and any request to speak with an attorney or anyone else after being provided these warnings . . . will constitute a refusal, resulting in the suspension of your operating privilege and other enhanced criminal sanctions if you are convicted of violating Section 3802(a) of the Vehicle Code.
R.R. 26a.

4. See note 3, *supra*.

rejected Witmer's arguments and denied his appeal. This appeal followed.[5]

Witmer first argues, as he did before the trial court, that the 2003 amendments to Pennsylvania's DUI law require a reexamination of and change to implied consent proceedings. Under the new statutory scheme, a licensee who refuses to consent to chemical testing *and* is subsequently convicted of DUI is subject to enhanced criminal penalties. 75 Pa.C.S. § 3804(c).[6] Because a request to submit to chemical testing may result in a higher criminal penalty, the constitutional rights to counsel and to remain silent are now implicated in any request for a blood alcohol test. Thus, Witmer argues that *Miranda* warnings must now precede any such request before the Department may suspend a license.

We disagree with Witmer's syllogism. The amendments to the DUI statute have not changed the fundamental precept that the sanctions imposed by the Implied Consent Law are civil in nature and wholly unrelated to the consequences of a criminal DUI prosecution. *Department of Transportation, Bureau of Driver Licensing v. Scott,* 546 Pa. 241, 250, 684 A.2d 539, 544 (1996). The statute, as revised, retains this distinction by requiring that a licensee must first be convicted in a *criminal* proceeding of a DUI offense before any enhanced criminal penalties are applicable. 75 Pa.C.S. § 3804(c). A license suspension remains a distinct sanction under an entirely different statute.

Assuming, *arguendo*, that Witmer was not properly Mirandized or was otherwise deprived of constitutional rights guaranteed to a criminal defendant, then his remedy lies in a criminal court through a suppression motion or motion for post-sentence relief to set aside the enhanced penalty. Stated otherwise, Witmer may not seek a civil remedy, *i.e.*, reversal of a license suspension, where his rights as a defendant in a criminal proceeding may have been compromised.

Witmer's second issue, which he frames as an alternative basis for reversing the trial court's decision, concerns the adequacy of the *O'Connell* warnings given to him by Officer Horton at the scene and at the police station. Witmer admits that he was informed at the accident scene that he did not have the right to speak with an attorney regarding the request for chemical testing, and that his request for counsel would be deemed a denial, but he contends that he was operating "under a foreseeable belief" that his *Miranda* rights had attached. Claimant's Brief at 15. He argues that he was entitled to a full explanation that his *Miranda* rights were not applicable under the Implied Consent Law. Witmer also contends that the Revised Form DL–26 warnings read to him at the police station compounded his confusion.

Witmer's arguments have already been addressed by our Supreme Court in *Scott,* 546 Pa. 241, 684 A.2d 539. In that case, the licensee, who had been provided with a legally sufficient *O'Connell* warning,

---

5. In reviewing a decision of the trial court in a license suspension case, the standard of review of an appellate court is to determine if the factual findings of the trial court are supported by competent evidence, and whether the trial court committed an error of law or an abuse of discretion. *O'Connell,* 521 Pa. at 248, 555 A.2d at 875.

6. Section 3804(c) of the Vehicle Code now provides that "[a]n individual who violates Section 3802(a)(1) *and refused testing of blood and breath … shall* be sentenced" to, *inter alia,* a term of imprisonment of not less than 72 hours for a first offense, not less than ninety days for a second offense and not less than one year for a third or subsequent offense. 75 Pa.C.S. § 3804(c)(emphasis added).

argued that he did not knowingly or consciously refuse to submit to chemical testing because he was confused about the applicability of his *Miranda* rights. In considering this argument, the Court summarized the state of the law regarding the duty of arresting officers in a DUI situation:

> [I]n order to guarantee that a motorist makes a knowing and conscious decision on whether to submit to testing or refuse and accept the consequence of losing his driving privileges, the police must advise the motorist that in making this decision, he does not have the right to speak with counsel, or anyone else, before submitting to chemical testing, and further, if the motorist exercises his right to remain silent as a basis for refusing to submit to testing, it will be considered a refusal and he will suffer the loss of his driving privileges; ... the duty of the officer to provide the *O'Connell* warnings as described herein is triggered by the officer's request that the motorist submit to chemical sobriety testing, whether or not the motorist has first been advised of his *Miranda* rights.

*Scott*, 546 Pa. at 253, 684 A.2d at 545. Accordingly, "once an officer provides *O'Connell* warnings to a motorist, the officer has done all that is legally required to ensure that the motorist has been fully advised of the consequences of refusing to submit to chemical testing," and a refusal to submit to chemical testing will not be excused as unknowing because the motorist's subjective understanding of his *Miranda* rights may have misled the motorist

into refusing the test. *Id.* at 254–255, 684 A.2d at 546.

In the present case, although Officer Horton did not read the *O'Connell* warnings verbatim at the accident scene, he did advise Witmer that he did not have the right to consult with an attorney before deciding whether to submit to testing and of the consequences of his refusal to submit to testing. Officer Horton was required to do no more and no less. He was not required to explain the difference between *Miranda* rights and the Implied Consent Law. Further, Witmer's subjective beliefs about his legal rights under *Miranda* are irrelevant and do not support a finding that his refusal was unknowing. Witmer was furnished with the necessary warnings.

■ Witmer's argument that the Revised Form DL–26 read to him at the police station was inadequate is also unavailing. Witmer contends that the changes in the DUI law with respect to the enhanced penalty have not been accurately reflected in the Revised Form DL–26, making his refusal to submit to chemical testing neither knowing nor conscious.

This Court has already considered, and rejected, the same argument in *Weaver v. Department of Transportation, Bureau of Driver Licensing*, 873 A.2d 1 (Pa.Cmwlth. 2005). There the licensee questioned whether the warnings on the Revised Form DL–26 sufficiently explain the new penalties contained in 75 Pa.C.S. § 1547(b)(2)(ii).[7] We held that

> [F]orm DL–26 informs a motorist that he or she will be in violation of the law and will be penalized for that violation if

---

7. Section 1547(b), in its entirety, provides:

(2) It shall be the duty of the police officer to inform the person that:
    (i) the person's operating privilege will be suspended upon refusal to submit to chemical testing; and

    (ii) if the person refuses to submit to chemical testing, upon conviction or plea for violating section 3802(a)(1), the person will be subject to the penalties provided in section 3804(c) (relating to penalties).

75 Pa.C.S. § 1547(b)(2).

he or she should fail to accede to the officer's request for a chemical test; that is sufficient information upon which to base a decision as to whether or not to submit to chemical testing.

*Weaver*, 873 A.2d at 2. Thus, the warnings read to Witmer from Revised Form DL–26 were sufficient.

In sum, the General Assembly's recent amendment to Section 3804(c) of the Vehicle Code to enhance the criminal penalty for a DUI conviction where there has also been a refusal to submit to chemical testing has not affected Implied Consent Law proceedings, which are wholly civil in nature. A licensee is not entitled to *Miranda* warnings before deciding whether to submit to a request for chemical testing in order for the Department to be able to suspend his operating privileges. *O'Connell* requires only that the arresting officer advise the licensee that he does not have the right to speak with counsel, or anyone else, before making the decision on chemical testing. In this case, the arresting officer provided Witmer with legally sufficient warnings on three occasions: twice at the accident scene and a third time at the police station, where the officer read the warning verbatim from the Department's Revised Form DL–26, which has already been held by this Court to be sufficient.

The trial court committed no error of law or abuse of discretion in denying Witmer's statutory appeal and, accordingly, its order is affirmed.

### ORDER

AND NOW, this 10th day of August, 2005, the order of the Court of Common Pleas of Bradford County dated November 23, 2004, in the above-captioned matter is hereby affirmed.