Thomas R. ALEXANDER

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Thomas R. Alexander, Appellant

v.

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 5, 2005.

Decided Oct. 26, 2005.

---

5. Having reached this conclusion, we do not need to address the Authority's remaining arguments.

Christopher M. Patterson, Lancaster, for designated appellant, Thomas R. Alexander.

Timothy P. Wile, Asst. Counsel In-Charge and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellee, Bureau of Driver Licensing.

BEFORE: COLINS, President Judge, and LEADBETTER, Judge, and KELLEY, Senior Judge.

OPINION BY President Judge COLINS.

This is an appeal by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (Bureau), and a cross-appeal by Thomas R. Alexander (Alexander),[1] from an order of the Court of Common Pleas of Lancaster County, which sustained Alexander's appeal from a one-year suspension of his operating privilege that was imposed in conformity with 75 Pa.C.S. § 1547(b)(1)(i).

The pertinent facts of the case follow. On May 14, 2004 Trooper Kelly Osborne-Filson (Trooper) of the Pennsylvania State Police pulled Alexander over on suspicion of driving while under the influence. Trooper testified that she detected a strong odor of alcohol on Alexander. Trooper requested Alexander perform a field sobriety test. Alexander performed these tests insufficiently, and Trooper placed Alexander under arrest and transported him to Lancaster General Hospital for a blood test because no working breath test could be located. Alexander was a 17-year-old minor at the time of the arrest. Trooper read the PennDOT DL-26 form to Alexander and determined that he understood the contents of the form. Alexander refused the blood test and refused to sign the form.[2] Trooper testified that Alexander was not advised of the ramifications a refusal would have on him as a juvenile other than the literal language of Form DL-26.

The trial court concluded that Pennsylvania law and statutes indicate that juveniles are not exempted from the requirements to submit to a chemical test. However, the trial court found that simply reading Form DL-26 to a person suspected of a DUI violation is not sufficient to inform them of the possible criminal penalties associated with their refusal of chemical testing, considering that Form DL-26 merely lists the minimum criminal penalties for a first time offender and does not state that the penalties for refusal are entirely different in the case of a juvenile. For the reasons set forth below, we reverse the order of the trial court and reinstate the suspension of Alexander's driving privileges.[3]

■ Alexander raises two issues in his brief. Initially he states that he was misinformed about the penalties associated with refusing to take a chemical test and thus he could not make a knowing and conscious decision whether to submit to the chemical test. Alexander was read the DL-26 form in accordance with 75 Pa.C.S.

---

1. The Bureau appealed the trial court's order and Alexander filed a cross-appeal. This Court consolidated both appeals by order dated January 26, 2005. Alexander was designated Appellant in the consolidated appeal by this Court's order dated April 6, 2005.

2. Alexander apparently refused the chemical test because he had a fear of needles.

3. Our scope of review is limited to whether the trial court's findings of fact are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion. *Touring v. Department of Transportation, Bureau of Driver Licensing,* 712 A.2d 349 (Pa.Cmwlth.1998).

§ 1547. Alexander was read that if he was convicted, pled guilty, or was adjudicated delinquent with respect to violating § 3802(a)(1), he would be subject to penalties that include a minimum of 72 hours in jail and a minimum fine of $1,000.00. Alexander argues that as a juvenile, these penalties did not apply to him and that he was not adequately informed in order to make a knowing and conscious choice.[4] However, in *Weaver v. Department of Transportation, Bureau of Driver Licensing,* 873 A.2d 1 (Pa.Cmwlth.2005), this Court rejected the argument that the DL–26 form does not meet the statutory notification requirements of 75 Pa.C.S. § 1547 because it does not inform a licensee of the minimum enhanced penalties for second and third offenders. The Court stated:

It is not the duty of the police to explain the various sanctions available under a given law to an arrestee to give that individual an opportunity to decide whether it is worth it to violate the law. It is sufficient for the police to inform a motorist that he or she will be in violation of the law and will be penalized for that violation if he or she should fail to accede to the officer's request for a chemical test. The verbiage on form DL–26 informs a motorist that he or she will be in violation of the law and will be penalized for that violation if he or she should fail to accede to the officer's request for a chemical test; that is sufficient information upon which to base a decision as to whether or not to submit to a chemical testing.

*Weaver,* 873 A.2d at 2

This Court finds that the same principles apply to a juvenile. Alexander was aware that if he refused to submit to the chemical test, he would be in violation of the law. He still refused, and thus it must be deemed a denial to submit to a request for a chemical test.

■ Second, Alexander argues that he did not have the capacity to consent to the chemical test because of his juvenile status. Alexander relies on 35 P.S § 10101[5] which states:

[A]ny minor who is eighteen years of age or older, or has graduated from high school, or has married, or has been pregnant, may give effective consent to medical, dental and health services for himself or herself, and the consent of no other person shall be necessary.

However, this Court finds the Bureau's argument more compelling and concludes that Alexander, along with any other minor, is subject to a chemical test. 75 Pa. C.S § 6303 (relating to rights and liabilities of minors) is applicable in the current case. It is a well-settled principle of law in this Commonwealth that driving is a privilege, not a fundamental right. If Alexander is going to put himself in the place of an adult behind the wheel of an automobile, he must follow the Vehicle Code and all of its provisions. To allow Alexander immunity from chemical testing would have a domino effect on all DUI cases regarding juveniles. A juvenile who refuses a chemical test is subject to the license suspension just as anyone else in this Commonwealth.

Accordingly, the order of the trial court is reversed, and the suspension of Alexan-

4. Act 177–2004, effective November 29, 2004, amended 75 Pa.C.S. § 1547(b)(2) by removing the words "or adjudication of delinquency." The Bureau subsequently promulgated a new DL–26 form which removed the words "or adjudicated delinquent with respect to violating § 3802(a)" from the chemical test warning.

5. Act of February 13, 1970, P.L. 19, which pertains to Minors' Consent to Medical, Dental and Health Services

der's driving privileges' is to be reinstated. Alexander's cross-appeal must be quashed since he was the prevailing party below. However, the issues raised therein are subsumed in our discussion of the Bureau's appeal.

### ORDER

AND NOW, this 26th day of October 2005, the order of the Court of Common Pleas of Lancaster County, Civil Division is reversed, and the suspension of the operating privileges of Alexander is to be reinstated. Alexander's cross-appeal is quashed.

KELLEY, Senior Judge, dissented and filed opinion.

DISSENTING OPINION BY Senior Judge KELLEY.

I respectfully dissent. I believe that Alexander, as a minor, was not able to make a knowing and conscious decision whether to submit to the chemical testing because he was misinformed about the penalties associated with a refusal. While it is undisputed that this Court has spoken to this issue in *Weaver v. Department of Transportation, Bureau of Driver Licensing,* 873 A.2d 1 (Pa.Cmwlth.2005), *Weaver* did not involve a minor. That, I believe, is the key distinction.

It is clear that the laws of this Commonwealth treat juveniles differently than adults including the Vehicle Code, 75 Pa. C.S. §§ 101–9805. The Vehicle Code consistently makes a distinction between an adult and a minor and sets forth the definition of an adult as "a person 21 years of age or older" and a minor as "a person under 21 years of age." *See e.g.,* Section 1547 of the Vehicle Code, 75 Pa.C.S. § 1547; Section 3801 of the Vehicle Code, 75 Pa.C.S. § 3801.

In addition, in order to protect the rights of juveniles, the General Assembly enacted the · Juvenile Act, 42 Pa.C.S. §§ 6301–6365. One of the primary purposes of the Juvenile Act is, "[c]onsistent with the protection of the public interest, to provide for children committing delinquent acts programs of supervision, care and rehabilitation which provide balanced attention to the protection of the community, the imposition of accountability for offenses committed and the development of competencies to enable children to become responsible and productive members of the community." Section 6301 of the Juvenile Act, 42 Pa.C.S. § 6301(b)(2). In order to effectuate this purpose, the Juvenile Act prohibits the detention, commitment, or sentence to imprisonment of any child for a summary offense.[1] *See* Sections 6303 and 6327 of the Juvenile Act, 42 Pa.C.S. § 6303; § 6327. Section 6303 of the Vehicle Code recognizes this prohibition by providing that "[n]o person shall be sentenced to a term of imprisonment for a violation of any provisions of this title constituting a summary offense committed while the person was under the age of 18 years." 75 Pa.C.S. § 6303(b). Thus, while the possession of an operator's license and operating a motor vehicle is considered a privilege in this Commonwealth, the Vehicle Code recognizes the unique status of a minor who is granted that privilege.

---

1. I note that Section 6302 of the Juvenile Act defines a child as an individual who: (1) is under the age of 18 years; (2) is under the age of 21 who committed an act of delinquency before reaching the age of 18 years; or (3) was adjudicated dependent before reaching the age of 18 years and who, while engaged in a course of instruction or treatment, requests the court to retain jurisdiction until the course has been completed, but in no event shall a child remain in a course of instruction or treatment past the age of 21 years. 42 Pa.C.S. § 6302.

More importantly, while Section 1547(b)(2) of the Vehicle Code [2] provides that a police officer has a duty to inform a person who refuses chemical testing that his or her operating privilege will be suspended upon refusal and that, upon conviction or plea for violating Section 3802(a)(1) of the Vehicle Code,[3] he or she will be subject to the penalties provided in Section 3804(c) of the Vehicle Code,[4] Section 3804(k) [5] provides that the penalties set forth in Section 3804(c) do not apply to minors. Therefore, I reject the majority's holding that the same principles set forth in *Weaver* apply to a juvenile.

It may be sufficient to conclude that all that is necessary in order to satisfy the requirements of Section 1547(b)(2) of the Vehicle Code in the case of an adult is for the police to inform a motorist that he or she will be in violation of the law and will be penalized for that violation if he or she should fail to accede to the officer's request for a chemical test. But based on the foregoing discussion, it is not sufficient to make the same conclusion in the case of a minor. To hold otherwise, erodes the protections afforded a minor under both the Juvenile Act, which as I stated previously herein, have been recognized by the General Assembly in the various provisions of the Vehicle Code. The Bureau simply promulgating a new DL–26 form to comply with the provisions of the Vehicle Code as the same applies to minors is all it would take to ensure that the rights of minors are being protected in this Commonwealth as was intended by the General Assembly.

Finally, I do not believe that the fact that a minor is granted an operator's license before reaching majority vitiates the protections afforded a minor whether those protections involve a criminal or a civil penalty for a summary offense. It is well settled that one of those protections is the ability to make a knowing and conscious refusal for chemical testing. As stated by our Supreme Court in *Commonwealth v. O'Connell,* 521 Pa. 242, 252, 555 A.2d 873, 877 (1989), "[t]he law has always required that the police tell the arrestee the consequences of a refusal to take the test so that he can make a knowing and conscious choice."

Accordingly, I would affirm the trial court's order.