**William T. WITMER, Appellant**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Decided Oct. 17, 2005.
Publication Ordered Jan. 3, 2006.

David B. Keeffe, Sayre, for appellant.

Terrance M. Edwards, Asst. Counsel and Timothy P. Wile, Asst. Counsel In-Charge, Harrisburg, for appellee.

OPINION BY Judge LEAVITT.

Before this Court is William T. Witmer's Application for Supersedeas. Witmer seeks to stay this Court's order upholding the one year suspension of his driving privileges by the Pennsylvania Department of Transportation, Bureau of Driver Licensing (Department) while he appeals our order to the Pennsylvania Supreme Court. For the reasons set forth below the supersedeas is granted.

The background of this case is as follows. On May 22, 2004, Witmer was involved in an automobile accident. Witmer admitted to the police who had arrived on the scene that he had been operating the vehicle and that he had consumed alcohol prior thereto. Witmer was requested to perform several field sobriety tests, all of which he failed. Witmer was then arrested for driving under the influence (DUI) of alcohol and twice asked to submit to a blood test; each time the officer explained the consequences of Witmer's refusal to consent in accordance with *Department of Transportation v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989).[1] However, the officer did not give Witmer the warnings mandated by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). When Witmer replied that he would not submit to chemical testing without first speaking to an attorney, he was informed that this response would be deemed a refusal. As a result, the Department suspended Witmer's driving privileges for one year in accordance with Section 1547(b) of the Vehicle Code, 75 Pa.C.S. § 1547(b)(1)(i), which mandates a one year suspension of driving privileges for refusing to take such a test.

---

1. In *O'Connell*, our Supreme Court held that when a motorist is asked to submit to chemical testing under the Implied Consent Law, the law enforcement officer making the request has a duty to explain to the motorist that his *Miranda* rights are inapplicable to such a request. *O'Connell*, 521 Pa. at 252, 555 A.2d at 878. This admonition is commonly referred to as an *O'Connell* warning. The officer read Witmer the formal O'Connell warning at the police station where, again, Witmer was requested to give a blood sample.

The Court of Common Pleas of Bradford County (trial court) denied Witmer's statutory appeal of his license suspension, and Witmer then sought this Court's review. On August 10, 2005, this Court affirmed the trial court. *William T. Witmer v. Department of Transportation, Bureau of Driver Licensing,* 880 A.2d 716 (Pa. Cmwlth.2005). Witmer then filed a petition for allowance of appeal with the Pennsylvania Supreme Court and on that basis, seeks a supersedeas of our August 10, 2005, order. The Department does not oppose Witmer's application for the stated reason that Witmer's appeal raises a legal question of first impression.

■ The test for whether an applicant is entitled to a supersedeas pending appeal, which has been established by our Supreme Court, is as follows:

1. The petitioner makes a strong showing that he is likely to prevail on the merits.

2. The petitioner has shown that without the requested relief, he will suffer irreparable injury.

3. The issuance of a supersedeas will not substantially harm other interested parties in the proceedings.

4. The issuance of a stay will not adversely affect the public interest.

*Pennsylvania Public Utility Commission v. Process Gas Consumers Group,* 502 Pa. 545, 552–553, 467 A.2d 805, 808–809 (1983) (citing *Virginia Petroleum Jobbers Association v. Federal Power Commission,* 259 F.2d 921 (D.C.Cir.1958)). Generally, the applicant must make a "strong showing" on each of the above criteria in order to justify the issuance of a supersedeas. *Process Gas,* 502 Pa. at 553, 467 A.2d at 809. When confronted with a case in which the other three factors strongly favor interim relief, a court may exercise its

discretion to grant a stay if the movant has made a substantial case on the merits. *Id.*

Witmer works as a representative for Metropolitan Life Insurance Company, headquartered in Elmira, New York. As such, he is required to travel throughout rural areas of southern New York State and northern Pennsylvania, areas not served by public transportation, to meet with clients. The loss of his operating privilege will cause a harm that cannot be remedied if his appeal succeeds. The Department, the opposing party and which speaks for the public interest, does not oppose Witmer's application. In short, Witmer's application satisfies the second through fourth *Process Gas* factors.

However, Witmer must also satisfy the first *Process Gas* factor, *i.e.,* that he is likely to prevail on the merits. Our Supreme Court has explained that this first *Process Gas* factor may be given lesser weight where the applicant has a strong case on the other three factors. *Process Gas,* 502 at 553, 467 A.2d at 809. Otherwise, a supersedeas would never issue. A lower tribunal is unlikely to believe that its order will be reversed on the merits. On the other hand, it may often find that an applicant has presented a substantial case on the merits, even though it disagrees with the applicant's legal position and may not believe that it will succeed. *Id.*

This is such a case. As noted by the Department, Witmer's appeal presents a novel legal issue to the Supreme Court. Witmer asserts that the 2003 amendments to the Vehicle Code require a reexamination of the appropriate warning to be given in connection with a request for chemical testing. A licensee who refuses to consent to chemical testing *and* is subsequently convicted of DUI is subject to enhanced criminal penalties. 75 Pa.C.S. § 3804(c).[2] Because a request to submit to chemical

2. Section 3804(c) of the Vehicle Code now   provides that "[a]n individual who violates

testing may result in a higher criminal penalty, Witmer asserts that a request for a blood alcohol test necessarily implicates a right to counsel and his right to remain silent, thereby requiring *Miranda* warnings. Because the Supreme Court has not had an opportunity to address this specific question, it cannot be stated with certainty that Witmer will not prevail on the merits. Given Witmer's strong case on the other factors, it is appropriate that he be granted relief.

Accordingly, Witmer's Application for Supersedeas will be granted.

### *ORDER*

AND NOW, this 17th day of October, 2005, William T. Witmer's Supersedeas is hereby GRANTED.

Section 3802(a)(1) *and refused testing of blood and breath ... shall* be sentenced" to, *inter alia,* a term of imprisonment of not less than 72 hours for a first offense, not less than ninety days for a second offense and not less than one year for a third or subsequent offense. 75 Pa.C.S. § 3804(c)(emphasis added).