J-S04036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KAREEM STRICKLAND | : | |
| | : | |
| Appellant | : | No. 2312 EDA 2016 |

Appeal from the PCRA Order June 21, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0002045-2002

BEFORE:  SHOGAN, J., OTT, J. and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:　　　　　　　**FILED FEBRUARY 13, 2017**

Appellant Kareem Strickland appeals *pro se* from the order entered in the Court of Common Pleas of Delaware County on June 21, 2016, dismissing as untimely his fourth petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  We affirm.

The trial court previously set forth the relevant facts herein as follows:

> On April 20, 2002, at about 9:30 in the evening, Steven Jones, [Appellant], Fareed Nelson and Brandon Cobb were outside a convenience store on Ninth Street in Chester, Delaware County. (N.T. 1/8/2003, p. 101.) As they stood, they saw a Jack & Jill Ice Cream truck coming up Ninth Street. (N.T. 1/8/2003, pp. 105-106.) [Appellant] flagged the truck down. (N.T. 1/8/2003, p. 106.) [Appellant] then asked the three other males if they wanted to "snatch" some ice cream. (N.T. 1/8/2003, p.

---

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

107.) When the truck pulled over, all four males approached the truck. (*Id.*) Steven Jones and [Appellant] both asked for ice cream and the victim responded by asking to see the money first. (N.T. 1/8/2003, pp. 107-108.) Steven Jones ignored that request and turned to Fareed Nelson and asked him for the gun he was carrying. (N.T. 1/8/2003, p. 108.) Fareed Nelson handed the gun to Steven Jones who concealed it in the pocket of his hoodie sweatshirt. (N.T. 1/8/2003, pp. 109, 112.) [Appellant] and Steven Jones continue[d] to argue with the victim, demanding ice cream while refusing to pay for it. (N.T. 1/8/2003, p. 110.)

Still not getting anywhere with the victim, Steven Jones raised the gun and pointed it at the victim and asked him for all his money. (N.T. 1/8/2003, p. 113.) The victim told [Appellant] and Steven Jones that he had no money. (Id.) [Appellant] and Steven Jones were arguing with the victim, saying "give up the fucking money. We ain't [*sic*] playing with you. We want all that shit." (N.T. 1/8/2003, pp. 113-14.)

After unsuccessfully trying to dissuade his assailants, the victim produced a cardboard box containing cash, placing it on the counter. (N.T. 1/8/2003, p. 115.) [Appellant] and Steven Jones continued to ask the victim for money, indicating that they did not believe that the cardboard box was all he had, and that they wanted all of the money. (*Id.*) During this time, Steven Jones had his arm extended so that his gun hand was inside the ice cream truck. (*Id.*) [Appellant] and Steven Jones continued to demand more money from the victim. (N.T. 1/8/2003, pp. 115-16.)

The victim then produced a black back pack and proceeded to take money from the back pack and place it into the cardboard box. (N.T. 1/8/2003, p. 116.) [Appellant] took money from the box and placed it into his pockets. (*Id.*) He then handed the box with the remaining money to Fareed Nelson. (*Id.*) [Appellant] then asked the victim for more money and for an ice cream sandwich. (N.T. 1/8/2003, p. 117.)

The victim turned his back to put the back pack away and as he was doing so, Steven Jones shot him in the back. (N.T. 1/8/2003, pp. 115-117.) The victim died three days later as a result of injuries from the gunshot wound. [Appellant] was

subsequently found guilty of Murder in the Second Degree and Robbery.[2]

Trial Court Opinion, filed 11/21/03, at 1-2. Following a jury trial, on March 14, 2003, Appellant was sentenced to a mandatory term of life in prison without the possibility of parole on the murder conviction, and the robbery charge merged therewith for sentencing purposes.

On April 11, 2003, Appellant filed a timely notice of appeal, and on July 2, 2004, this Court affirmed his judgment of sentence. *Commonwealth v. Strickland*, 858 A.2d 1283 (Pa.Super. 2004) (Table). Our Supreme Court denied Appellant's petition for allowance of appeal on January 12, 2005. *Commonwealth v. Strickland*, 581 Pa. 706, 867 A.2d 523 (2005) (Table).

Numerous PCRA petitions followed, all of which were denied without a hearing. On March 7, 2016, Appellant filed *pro se* the instant PCRA petition, his fourth, wherein he averred that in light of the United States Supreme Court's recent decision in *Montgomery v. Louisiana*, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016)[3], he is serving an illegal sentence. However, Appellant

_____

[2] 18 Pa.C.S.A. §§ 2502 and 3701, respectively.
[3] In *Montgomery*, the Supreme Court declared its prior holding in *Miller v. Alabama*, ____ U.S. _____, 132 S.Ct. 2455, 183 L.Ed. 2d. 407 (2012) is a substantive rule of constitutional law to which state collateral review courts were required as a constitutional matter to give retroactive effect. *Montgomery v. Louisiana*, ____ U.S. _____, _____, 136 S.Ct. 718, 736, 193 L.Ed.2d 599, ____ (filed January 25, 2016, as revised on January 27, 2016). In *Miller*, the Supreme Court had held that "mandatory life without parole
*(Footnote Continued Next Page)*

also acknowledged he had been nineteen years of age when he committed the crimes, as his date of birth is January 10, 1983, and the shooting and robbery occurred on April 20, 2002. *See* "Pro Se Petition Under the Post Conviction Relief Act" at 2 (unnumbered).

On May 20, 2016, the PCRA court filed its Notice of Intent to Dismiss without a Hearing wherein it observed Appellant's PCRA petition was untimely on its face and stated that *Montgomery* was not applicable to the instant matter as Petitioner was not a juvenile at the time he committed the homicide which resulted in a life sentence. *See* Notice of Intent to Dismiss without a Hearing, filed 5/20/16, at 3. On June 10, 2016, Appellant filed his "Respond/Reply to Notice of Intent to Dismiss without a Hearing" wherein he averred, *inter alia*, he was:

> well aware that [he] was nineteen (19) years of age when the crime was committed, but as mentioned in this petitioner's PCRA Petition I'am [sic] challenging the lawfulness of my confinement under State Collateral Review Proceedings relying upon the U.S. Supreme Coourt [sic] holding in *Montgomery*, which has determined that the holding in *Miller* is retroactive, this court had jurisdiction to review this petitioner's challenge.

Respond/Reply to Notice of Intent to Dismiss without a Hearing, filed 6/10/16, at 1.

_____

*(Footnote Continued)*

for those under the age of 18 at the time of their crimes violated the Eighth Amendment's prohibition on cruel and unusual punishment." *Miller*, 132 S.Ct. at 2460.

On June 21, 2016, the PCRA court dismissed the petition as untimely. Appellant filed a timely notice of appeal on July 18, 2016.[4] In his brief, Appellant presents the following Statement of Questions Involved, which we reproduce verbatim:

> #1, PCRA Court erred in dismissing appellate's [sic] PCRA Petition without benefit to an hearing, so that appellate was given the opportunity to challenge the lawfulness of [Appellant's] confinement relying upon the U.S. Supreme Court holding in **Montgomery v. Alabama which has determined the holding in Miller**.
>
> PCRA Court was in error when it did not review appellate's PCRA Issues, whereas the PCRA Court should have granted an hearing so that appellate was able to present issues/arguments in a fully informed manner.

_____

[4] The certified docket reveals that the Clerk of Courts of the Court of Common Pleas of Delaware County sent the trial court's order dismissing the PCRA petition by first-class mail to Appellant on June 22, 2016; therefore, Appellant's notice of appeal had to be filed by Friday, July 22, 2016. **See** Pa.R.A.P. 108(a)(1) (day of entry of an order shall be the day the clerk of court mails or delivers copies of the order to the parties); Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken). Appellant is incarcerated and his notice of appeal was filed **pro se**. Appellant dated the notice of appeal July 18, 2016, but the Clerk of Courts of Delaware County time-stamped the document July 25, 2016. In addition, there is no indication on the docket that the PCRA court complied fully with Pa.R.Crim.P. 907(4) which states that: "When the petition is dismissed without a hearing, the judge promptly shall issue an order to that effect and shall advise the defendant by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed." As such, we deem Appellant's notice of appeal to be timely filed under the "prisoner mailbox rule." **See Commonwealth v. Fransen**, 986 A.2d 154, 156, n. 5 (Pa.Super. 2009) (pursuant to the "prisoner mailbox rule," a pro se filing is filed on the date a defendant places it in the hands of prison authorities for mailing, i.e. postmark date).

> Trial Court was in error for imposing this appellate with an illegal sentences (life without parole) while this appellate was an **MINOR** at the time the crime was comitted

Brief for Appellant at 1 (unnumbered).

When reviewing the propriety of an order denying PCRA relief, this Court is limited to a determination of whether the evidence of record supports the PCRA court's conclusions and whether its ruling is free of legal error. ***Commonwealth v. Robinson***, ___ Pa. ____, ____, 139 A.3d 178, 185 (2016). This Court will not disturb the PCRA court's findings unless there is no support for them in the certified record. ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (Pa.Super. 2014).

At the outset, we consider whether this appeal is properly before us. The question of whether a petition is timely raises a question of law, and where a petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Callahan***, 101 A.3d 118, 121 (Pa.Super. 2014).

All PCRA petitions must be filed within one year of the date upon which the judgment of sentence became final, unless one of the statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) applies. The petitioner bears the burden of pleading and proving an applicable statutory exception. If the petition is untimely and the petitioner has not pled and proven an exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits

of the petition. ***Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa.Super. 2013).

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) states:

**(b) Time for filing petition.--**

(1)    Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States:
(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
(iii) the right asserted is a constitutional right that was recognized by the Supreme court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1).   In addition, any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented."  42 Pa.C.S.A. § 9545(b)(2).

Herein, this Court affirmed Appellant's judgment of sentence on July 2, 2004, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on January 12, 2005.   Thus, Appellant's judgment of sentence became final ninety days thereafter on April 12, 2005, at which time Appellant's time for filing a petition for writ of *certiorari* with the United States Supreme Court expired.   ***See*** 42 Pa.C.S.A. § 9545(b)(3) ("a

- 7 -

judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania or at the expiration of time for seeking the review"); *see also* U.S. Sup.Ct.R. 13.1.   A timely petition had to be filed by April 12, 2006; therefore, the instant PCRA petition filed on March 7, 2016, is patently untimely, and the burden, fell upon Appellant to plead and prove that one of the enumerated exceptions to the one year time-bar applied to his case.  **See** 42 Pa.C.S.A. § 9545(b)(1); **Commonwealth v. Perrin**, 947 A.2d 1284, 1286 (Pa.Super. 2008) (to invoke a statutory exception to the PCRA time-bar, a petitioner must properly plead and prove all required elements of the exception).

In this vein, Appellant purports to invoke the "newly recognized constitutional right" exception to the time-bar and contends he is entitled to relief as he is serving an illegal sentence under **Montgomery**.  In a disjointed and at times unintelligible argument which spans just five paragraphs, Appellant reiterates in his appellate brief he was over the age of nineteen at the time he committed the aforementioned crimes. Notwithstanding, he reasons that the United States Supreme Court in "Roper"[5] has "given brain studies the force of law" contrary to "the state

_____

[5] Appellant apparently is referencing **Roper v. Simmons**, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005) wherein the Supreme Court held that the execution of individuals who were under eighteen years of age at the time of
*(Footnote Continued Next Page)*

statute" cited by the Court in "Roper" and has determined that "no one is an adult until the age of 21." Brief for Appellant at 4 (unnumbered).

Appellant further proclaims that this Commonwealth has referred to "Legal Juveniles" as individuals between the ages of eighteen and twenty-one, and cites to numerous provisions of the Vehicle Code which he deems consider a minor as one under twenty-one years of age. Appellant cites ***Alexander v. Commonwealth Department of Transportation, Bureau of Driver licensing***, ___ Pa. ____, 885 A.2d 651 (2005), holding a juvenile who refuses a chemical test is subject to the same suspension of his driver's license as any other driver in this Commonwealth, in support of these claims. Brief for Appellant at 4 (unnumbered). Appellant also vaguely relies upon science which he deems to have been adopted by the United States Supreme Court to declare himself a juvenile and, therefore, ineligible for a sentence of life imprisonment without the possibility of parole:

> The state statute cited by the **U.S. Supreme Court in Roper offer no support for maintaining 18 as the age of adulthood**, in the face of uncontroverted neurological brain scans hard evidence that the brain is **IMMATURE** untill [sic] the age of 21. The Supreme Court has since given these brain studies the force of law (as cited in this said Brief), that the fact is not one is an adult untill [sic] the age of 21.

Brief for Appellant at 4 (unnumbered) (emphasis in original).

*(Footnote Continued)* ─────────────

their capital crimes is prohibited by the Eighth Amendment applicable to the states through the Fourteenth Amendment to the United States Constitution.

Appellant's assertions fail to satisfy the requirements necessary for invoking the newly-recognized constitutional right exception, pursuant to section 9545(b)(1)(iii), as **Miller** itself precludes this Court from granting him relief under the PCRA. As stated previously, the **Miller** holding pertains only to juveniles who were under eighteen years of age when they were sentenced to life imprisonment without parole for committing the crime of murder. Appellant was nineteen years of age when he was convicted of and sentenced for second degree murder and robbery. Therefore, the holding in **Miller** does not create a newly recognized constitutional right that can serve as the basis for relief for Appellant. **See** 42 Pa.C.S. § 9545(b)(1)(iii); **Miller**, **supra** ___ U.S. at ____, 132 S.Ct. at 2460. **See also Commonwealth v. Cintora**, 69 A.3d 759 (Pa.Super. 2013) (holding petitioner's argument that **Miller** should be extended to include defendants who were over the age of eighteen and whose brains were immature at the time of their offenses did not render his PCRA petition timely pursuant to the newly-recognized constitutional right exception to the PCRA time-bar).

As Appellant has failed to plead and prove one of the aforementioned exceptions to the PCRA time-bar, the courts of this Commonwealth are without jurisdiction to offer Appellant any form of relief. **Commonwealth v. Jackson**, 30 A.3d 516, 523 (Pa.Super. 2011). Accordingly, the PCRA court properly denied Appellant's patently untimely, serial PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/13/2017